UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IPC PRINT SERVICES, INC., <br> Plaintiff, | ) ) ) ) | |
| v. | ) ) ) | DOCKET NO: 04-12341-GAO |
| SYSKOPLAN CONSULTING INC., and SYSKOPLAN AG, <br> Defendants. | ) ) ) ) ) ) | |

ANSWER OF DEFENDANT, SYSKOPLAN CONSULTING, INC., TO PLAINTIFF'S AMENDED COMPLAINT

FIRST DEFENSE

The Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

The defendant, Syskoplan Consulting, Inc. (hereinafter, "Syskoplan"), responds to the allegations contained in the Plaintiff's Amended Complaint, Paragraph by Paragraph as follows:

1.      This is an introductory paragraph to which no response is required. To the extent a response is required, Syskoplan denies the averments of this paragraph.

2.      Syskoplan is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

3.      Syskoplan admits the averments of this paragraph, except that it denies that it has a principal place of business in Waltham, Massachusetts.

4.      Syskoplan does not respond to the averments contained in the first sentence of this paragraph, because they are directed to a different defendant. To the extent that an

affirmative response is required from this defendant, Syskoplan denies those averments and calls upon the Plaintiff to prove the same. Syskoplan admits that it is a wholly-owned subsidiary of Syskoplan AG, but denies the remaining averments contained in the second sentence of this paragraph. Syskoplan denies the remaining averments contained in this paragraph.

5. Denied.

6. Denied.

7. This paragraph asserts a conclusion of law to which no response is required.

8. This paragraph asserts a conclusion of law to which no response is required.

9. This paragraph asserts a conclusion of law to which no response is required.

10. Syskoplan is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

11. Syskoplan is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

12. Syskoplan is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

13. Syskoplan admits that in March 2003 it acquired Unit Inc. Syskoplan further admits that it made a proposal to IPC for the Print.IT™ solution based in part on IPC's agreement to act as a reference account for future business. Syskoplan is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

14. Syskoplan admits that it provided a fixed price proposal to IPC for the Print.IT solution in response to IPC's RFP, but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

15. Syskoplan admits that it periodically met with IPC representatives and called IPC representatives from Massachusetts. Syskoplan is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

16. Syskoplan admits that in April 2003 it hosted a product demonstration for IPC. Syskoplan denies the remaining averments of this paragraph. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

17. Denied.

18. Denied.

19. Syskoplan admits that it sent a letter of intent dated May 21, 2003 to IPC containing the language quoted in this paragraph. Syskoplan further admits that on or about June 20, 2003, it entered into the following agreements with IPC: (1) Master Services Agreement; (2) the General End-User License Agreement; (3) SAP License Agreement; and (4) Authorized

Affiliate Agreement. Syskoplan denies the remaining averments of this paragraph. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

20. Denied as stated. The Master Services Agreement and the Exhibits annexed thereto define the entire Agreement of the parties and the priority of conflicting documents. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

21. Syskoplan admits that the Master Services Agreement and the Exhibits annexed thereto defines the entire Agreement of the parties, but states that these documents speak for themselves and must be read as an integrated whole. Syskoplan denies the remaining averments of this paragraph. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

22. Syskoplan admits that it performed work for IPC from August 2003 through January 2004 from its offices in Massachusetts and other locations, including but not limited to IPC's site in Michigan. Syskoplan denies the remaining averments of this paragraph.

23. Syskoplan admits that the Master Services Agreement and the Exhibits annexed thereto defines the entire Agreement of the parties, but states that these documents speak for themselves and must be read as an integrated whole. Syskoplan denies the remaining averments of this paragraph.

24. Syskoplan admits that it demonstrated software to IPC on or around September 19, 2003. Syskoplan denies the remaining averments of this paragraph. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

25. Syskoplan admits that the Master Services Agreement and the Exhibits annexed thereto defines the entire Agreement of the parties, and further admits that IPC has quoted accurately from Section 1.3 of the Master Services Agreement, but states that these documents speak for themselves and must be read as an integrated whole. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

26. Syskoplan admits that its employee identified as Project Manager changed during the course of the project, but denies the remaining averments of this paragraph. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

27. Syskoplan admits that the Master Services Agreement and the Exhibits annexed thereto defines the entire Agreement of the parties, and further admits that IPC has quoted accurately from Sections 1.5 and 8.2 of the Master Services Agreement, but states that these documents speak for themselves and must be read as an integrated whole. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both

Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

28.    Denied.

29.    Syskoplan admits that during the summer of 2003 it worked diligently with IPC to address mutual concerns about the project. Syskoplan denies the remaining averments of this paragraph. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

30.    Syskoplan admits that it received an e-mail from IPC dated October 1, 2003 with a Subject line "Team Feedback on the Proof of Concept Test," but states that the document speaks for itself. Syskoplan further admits that it received a letter from IPC dated October 23, 2003 concerning the base line configuration software and a FI/CO consultant, but states that the document speaks for itself. Syskoplan further admits that it received an e-mail from IPC dated October 29, 2003 with a Subject line "Project Management," but states that the document speaks for itself. Syskoplan denies the remaining averments of this paragraph. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

31.    Syskoplan admits that the Master Services Agreement and the Exhibits annexed thereto defines the entire Agreement of the parties, but states that these documents speak for themselves and must be read as an integrated whole. Syskoplan denies the remaining averments of this paragraph. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan",

in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

32. Denied.

33. Syskoplan admits that the Master Services Agreement and the Exhibits annexed thereto defines the entire Agreement of the parties, but states that these documents speak for themselves and must be read as an integrated whole. Syskoplan denies the remaining averments of this paragraph. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

34. Syskoplan admits that on March 12, 2004, Manfred Wassel and Dick McCarthy of Syskoplan met with IPC employees concerning the status of the project. Syskoplan denies the remaining averments of this paragraph. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

35. Syskoplan admits that by letter dated July 14, 2004, IPC purported to terminate its contract with Syskoplan. Syskoplan denies the remaining averments of this paragraph. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

36. Denied.

37. Syskoplan admits that IPC has paid certain sums due under its contract with Syskoplan, but denies the remaining averments of this paragraph. Further responding, to the

extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

38. The averments contained in the second and third sentences of this paragraph refer to writings or documents, which speak for themselves, and, therefore, no affirmative response is required. Syskoplan denies the remaining averments of this paragraph. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

## COUNT I

39. Syskoplan incorporates by reference its responses to the averments contained in Paragraphs 1-33 of the Complaint.

40. Syskoplan admits that it entered into contractual obligations with IPC, but denies the remaining averments of this paragraph. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

41. Denied.

42. Denied.

## COUNT II

43. Syskoplan incorporates by reference its responses to the averments contained in Paragraphs 1-42 of the Complaint.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT III

50. Syskoplan incorporates by reference its responses to the averments contained in Paragraphs 1-49 of the Complaint.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## COUNT IV

57. Syskoplan incorporates by reference its responses to the averments contained in Paragraphs 1-56 of the Complaint.

58. Syskoplan admits that it entered into contractual obligations with IPC, but states that the contracts speak for themselves and denies the remaining averments of this paragraph. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

## COUNT V

63. Syskoplan incorporates by reference its responses to the averments contained in Paragraphs 1-62 of the Complaint.

64. Syskoplan admits that it entered into contractual obligations with IPC, but denies the remaining averments of this paragraph. Further responding, to the extent that the Plaintiff uses the term, "Syskoplan", in this paragraph to refer to both Syskoplan Consulting, Inc. and Syskoplan AG, Syskoplan denies those averments insofar as they pertain to Syskoplan AG's alleged involvement.

65. Denied.

66. Denied.

## COUNT VI

67. Syskoplan incorporates by reference its responses to the averments contained in Paragraphs 1-66 of the Complaint.

68. Denied.

69. Denied.

70. Denied.

## COUNT VII

71. Syskoplan incorporates by reference its responses to the averments contained in Paragraphs 1-70 of the Complaint.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

### First Affirmative Defense

Plaintiff's claims are barred by the doctrine of substantial performance.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, due to exclusion by express warranty.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of equitable estoppel.

### Fifth Affirmative Defense

Plaintiff's prior breach of the Agreement, including but not limited to Section 7 of the Master Services Agreement ("Customer Responsibilities"), excuses any performance which Defendant may have owed thereunder.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by its comparative negligence.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

<u>Ninth Affirmative Defense</u>

Plaintiff's claims for breach of express and implied contract are barred by the doctrine of impossibility.

<u>Tenth Affirmative Defense</u>

Plaintiff's claims of fraud are barred for failure to plead with particularity.

<u>Eleventh Affirmative Defense</u>

Plaintiff's G.L. c. 93A claims are barred to the extent they involved conduct that did not take place primarily and substantially in the Commonwealth of Massachusetts.

Defendant reserves the right to supplement these affirmative defenses at any time.

THE DEFENDANT, SYSKOPLAN CONSULTING, INC., DEMANDS A TRIAL BY JURY ON ALL ISSUES TRIABLE.

<u>COUNTERCLAIM</u>

<u>Parties</u>

1. Plaintiff-in-counterclaim, Syskoplan Consulting, Inc., ("Syskoplan") is a Delaware corporation with a principal place of business at 35 Corporate Drive, Suite 190, Burlington, Massachusetts.

2. Defendant-in-counterclaim, IPC Print Services, Inc. ("IPC") is a Michigan corporation with a principal place of business at 501 Colonial Drive, St. Joseph, Michigan.

<u>Jurisdiction & Venue</u>

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1367 and ancillary venue for this Counterclaim.

Facts

4. On or about June 20, 2003, Syskoplan entered into a Statement of Work ("SoW") with IPC to provide a custom designed software product utilizing an SAP Business Suite known as the Print.IT™ solution.

5. From June 2003-July 2004, Syskoplan performed its obligations under the SoW.

6. On March 12, 2004, Syskoplan met with IPC to reiterate its commitment to the SoW and to establish a "go live" date. At this meeting, IPC recommended a date of August 1, 2004, but informed Syskoplan that it needed to confirm the date with its parent corporation due to an upcoming Sarbanes-Oxley audit.

7. On April 26, 2004, IPC sent written notice to Syskoplan that it wanted to delay the "go live" date to December 26, 2004.

8. In reliance on IPC's representations in March and April, Syskoplan continued to perform its obligations under the SoW.

9. Upon information and belief, following the March 2004 meeting IPC lost a major account and decided to terminate its operation that would utilize the Print.IT™ solution. IPC also laid off employees dedicated to the Print.IT™ solution project.

10. On or about July 14, 2004, IPC sent written notice to Syskoplan that it was terminating the project and demanded immediate reimbursement of all amounts expended.

11. On or about September 7, 2004, Syskoplan sent written notice to IPC rejecting the claims in IPC's July 14, 2004 letter and demanding payment of the remaining balance owed under the SoW.

12. Syskoplan completed all conditions precedent under the SoW, or was prepared to do so absent IPC's termination.

13. IPC has failed and refused, and continues to fail and refuse, to pay Syskoplan's invoice for its work developing the Print.IT™ solution.

14. Syskoplan incurred and absorbed costs substantially in excess of the fees charged to IPC under the SoW in consideration of IPC's agreement to become a reference account for Syskoplan's Print.IT™ solution.

15. Because IPC terminated the project, Syskoplan no longer had a reference account for the Print.IT™ solution, and was forced to restructure its business model. This restructuring has resulted in substantial financial losses to Syskoplan.

## COUNT I

(Breach of Contract)

16. Syskoplan incorporates by reference its averments contained in Paragraphs 1 through 15 of its Counterclaim.

17. Pursuant to the terms of the Statement of Work, IPC agreed to pay Syskoplan for its work developing the Print.IT™ solution.

18. IPC has failed and refused, and continues to fail and refuse, to pay Syskoplan's invoice for its work developing the Print.IT™ solution.

19. By its above-described actions, IPC has breached its contract, and payment of Syskoplan's invoice is presently due and owing Syskoplan.

## COUNT II

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

20. Syskoplan incorporates by reference its averments contained in Paragraphs 1 through 19 of its Counterclaim.

21. By inducing Syskoplan to invest in developing the Print.IT™ solution, IPC breached its obligation under the SoW to deal with Syskoplan fairly and in good faith.

22. By its above-described actions, IPC has breached the implied covenant of good faith and fair dealing, and Syskoplan's invoice is presently due and owing Syskoplan.

## COUNT III

(Quantum Meruit)

23. Syskoplan incorporates by reference its averments contained in Paragraphs 1 through 22 of its Counterclaim.

24. Syskoplan has substantially performed under the SoW until being directed by IPC to perform of further work.

25. Syskoplan has substantially developed the work necessary for IPC to launch an SAP-platform system.

26. Syskoplan is entitled to recover the fair value of the work for which it has not been paid.

## COUNT IV

(Violation of G.L. c. 93A, § 11)

27. Syskoplan incorporates by reference its averments contained in Paragraphs 1 through 27 of its Counterclaim.

28. Syskoplan and IPC are engaged in the conduct of trade or commerce.

29. The actions and omissions of IPC constitute unfair and deceptive business practices within the meaning of G.L. c. 93A, §§ 2 and 11.

30. IPC's unfair and deceptive business practices occurred in Massachusetts.

31. Syskoplan has suffered damages as a result of IPC's unfair and deceptive business practices.

32. IPC's unfair and deceptive practices were willful.

33. Accordingly, Syskoplan is entitled to recover double or treble damages, costs, and attorneys' fees pursuant to G.L. c. 93A, §§ 2 and 11.

### PRAYER FOR RELIEF

WHEREFORE, Syskoplan respectfully requests that this Court:

A.      Enter judgment against IPC on Counts I through III of the Counterclaim by Syskoplan in an amount to be determined at trial, plus interest and costs;

B.      Enter judgment against IPC on Count IV of the Counterclaim by Syskoplan for double or treble damages, costs, and attorneys' fees pursuant to G.L. c. 93A; and,

C.      Provide such other and further relief as this Court deems just and proper.

THE PLAINTIFF-IN-COUNTERCLAIM, SYSKOPLAN CONSULTING, INC., DEMANDS A TRIAL BY JURY ON ALL ISSUES TRIABLE.

                                                SYSKOPLAN CONSULTING, INC.,
                                                Defendant/Plaintiff-in Counterclaim
                                                By its attorneys,

                                                /s/Michael J. Racette
                                                Nicholas P. Alexander, BBO #544173
                                                Michael J. Racette, BBO #555350
                                                250 Summer Street
                                                Boston, MA 02210
                                                (617) 439-7500

Dated: February 4, 2005

1384693.1