IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IPC PRINT SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO 04-12341-GAO |
| v. ) | |
| ) | |
| SYSKOPLAN CONSULTING INC., ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

NOW COMES plaintiff IPC PRINT SERVICES, INC., formerly known as IPC Communication Services, Inc. ("IPC" or "Plaintiff"), and, by and through its undersigned counsel, and in Answer to the Defendant Syskoplan Consulting Inc.'s Counterclaims states:

1. Plaintiff admits the allegations contained in Paragraph 1 of Defendant's Counterclaim.

2. Plaintiff admits the allegations contained in Paragraph 2 of Defendant's Counterclaim.

3. Plaintiff admits the allegations contained in Paragraph 3 of Defendant's Counterclaim.

4. IPC admits that on or about June 20, 2003 it entered into several written agreements with Syskoplan, that the Statement of Work was incorporated by reference into one of the agreements and that the Statement of Work speaks for itself.

5. Plaintiff denies the allegations contained in Paragraph 5 of Defendant's Counterclaim.

{J:\CLIENTS\lit\304358\0001\00507868.DOC;1}00507868.DOC

6. Plaintiff denies the allegations contained in Paragraph 6 of Defendant's Counterclaim.

7. IPC admits that on or about April 26, 2004 it sent a letter to Syskoplan, which letter speaks for itself.

8. Plaintiff denies the allegations contained in Paragraph 8 of Defendant's Counterclaim.

9. Plaintiff denies the allegations contained in Paragraph 9 of Defendant's Counterclaim.

10. Plaintiff admits the allegations contained in Paragraph 10 of Defendant's Counterclaim.

11. Plaintiff admits the allegations contained in Paragraph 11 of Defendant's Counterclaim.

12. Plaintiff denies the allegations contained in Paragraph 12 of Defendant's Counterclaim.

13. IPC admits that it has justifiably refused to pay Syskoplan's improper and baseless invoice.

14. Plaintiff denies the allegations contained in Paragraph 14 of Defendant's Counterclaim.

15. Plaintiff denies the allegations contained in Paragraph 15 of Defendant's Counterclaim.

## COUNT I

16. IPC repeats and incorporates by reference its responses to Paragraphs 1 through 15 above as fully set forth herein.

17. Plaintiff denies the allegations contained in Paragraph 17 of Defendant's Counterclaim.

18. Plaintiff denies the allegations contained in Paragraph 18 of Defendant's Counterclaim.

19. Plaintiff denies the allegations contained in Paragraph 19 of Defendant's Counterclaim.

## COUNT II

20. IPC repeats and incorporates by reference its responses to Paragraphs 1 through 19 above as fully set forth herein.

21. Plaintiff denies the allegations contained in Paragraph 21 of Defendant's Counterclaim.

22. Plaintiff denies the allegations contained in Paragraph 22 of Defendant's Counterclaim.

## COUNT III

23. IPC repeats and incorporates by reference its responses to Paragraphs 1 through 22 above as fully set forth herein.

24. Plaintiff denies the allegations contained in Paragraph 24 of Defendant's Counterclaim.

25. Plaintiff denies the allegations contained in Paragraph 25 of Defendant's Counterclaim.

26. Plaintiff denies the allegations contained in Paragraph 26 of Defendant's Counterclaim.

## COUNT IV

27. IPC repeats and incorporates by reference its responses to Paragraphs 1 through 26 above as fully set forth herein.

28. Plaintiff admits the allegations contained in Paragraph 28 of Defendant's Counterclaim.

29. Plaintiff denies the allegations contained in Paragraph 29 of Defendant's Counterclaim.

30. Plaintiff denies the allegations contained in Paragraph 30 of Defendant's Counterclaim.

31. Plaintiff denies the allegations contained in Paragraph 31 of Defendant's Counterclaim.

32. Plaintiff denies the allegations contained in Paragraph 32 of Defendant's Counterclaim.

33. Plaintiff denies the allegations contained in Paragraph 33 of Defendant's Counterclaim.

*First Affirmative Defense*

Syskoplan Consulting Inc.'s counterclaims, each and every count of therein, fails to state a claim upon which relief may be granted.

*Second Affirmative Defense*

Syskoplan Consulting Inc.'s counterclaims are barred by its own breach of contract.

*Third Affirmative Defense*

Syskoplan Consulting Inc.'s counterclaims are barred by the express terms of the contract entered into between the parties.

*Fourth Affirmative Defense*

Syskoplan Consulting Inc.'s counterclaims are barred by the equitable doctrines of waiver, laches, estoppel and unclean hands.

*Fifth Affirmative Defense*

Syskoplan Consulting Inc.'s counterclaims are barred by its own fraudulent conduct.

*Sixth Affirmative Defense*

Syskoplan Consulting Inc.'s claims pursuant to General Law Chapter 93(A) fail to state a claim as the alleged conduct of IPC did not occur primarily and substantially in the Commonwealth of Massachusetts.

WHEREFORE, Plaintiff IPC PRINT SERVICES, INC. requests that judgment be entered in its favor on its Complaint, that Syskoplan Consulting Inc.'s counterclaims be dismissed with prejudice and for such further relief that this Court deems appropriate.

PLAINTIFF IPC PRINT SERVICES, INC. HEREBY DEMANDS A TRIAL BY JURY.

Respectfully submitted this 16 day of February, 2005.

*Louis M. Ciavarra*
Louis M. Ciavarra
BBO # 546481
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, Massachusetts 01601-0156
Telephone: (508) 926-3408
Facsimile: (508) 929-3011

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IPC PRINT SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO 04-12341-GAO |
| v. | ) |
| | ) |
| SYSKOPLAN CONSULTING INC., | ) |
| | ) |
| Defendant. | |

### CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing *Plaintiff's Answer to Defendant's Counterclaims* upon defendant, by causing a true and correct copy thereof to be deposited in the United States Mail, postage prepaid, addressed to defendant's counsel of record as follows:

Michael J. Racette
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210

This 16 day of February, 2005.

Louis M. Ciavarra