UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IPC PRINT SERVICES, INC., )<br>Plaintiff, )<br> )<br>v. )<br> )<br> )<br> )<br>SYSKOPLAN CONSULTING )<br>INCORPORATED, and SYSKOPLAN AG, )<br>Defendants ) | CIVIL ACTION NO 04-12341-GAO |

## PLAINTIFF'S OPPOSITION TO DEFENDANT SYSKOPLAN AG'S MOTION TO DISMISS

This case arises out of the Defendants' failure to implement a software package purchased by the Plaintiff in 2003. The Defendants are a German company, Syskoplan AG, and its wholly owned U.S. subsidiary, Syskoplan Consulting, Inc. ("Syskoplan"). Plaintiff, IPC Print Services, Inc. ("IPC") has asserted claims for breach of contract, fraudulent misrepresentation, negligent misrepresentation, breach of the duty of good faith and fair dealing, unfair trade practices, and unjust enrichment. IPC has alleged that the German parent, Syskoplan AG, is liable both directly for its own conduct as well as for the actions of its U.S. subsidiary. In addition, IPC has alleged that Syskoplan AG is liable under the theory of piercing the corporate veil.

While this case was filed approximately a year ago, because of Syskoplan AG's efforts to avoid service of process, the Complaint was only served on Syskoplan AG recently. Notwithstanding the fact that they have identical counsel, common officers and board members, and a unified website, Syskoplan AG refused to accept service and instead required the Plaintiff

to incur the expense and delay of service of process under the Hague Convention. Their tactics have resulted in a substantial delay in moving this case forward. Only limited discovery has taken place between IPC and Syskoplan Consulting, Inc. while we have been waiting for Syskoplan AG to be served. A year after the case first became known to Syskoplan AG they have now moved to dismiss the case claiming that this Court lacks jurisdiction over them. For the reasons set forth herein, this Motion must be dismissed.

## BACKGROUND FACTS[1]

IPC is a commercial printer located in Michigan. In the fall of 2002, IPC engaged in a search for an Enterprise Resource Planning (ERP) software product focused on the commercial printing industry. Among the companies that IPC looked at was a company known as Unit, Inc. Unit, Inc. sold a product known as Print.IT. In early 2003, Syskoplan notified IPC that it had purchased Unit, Inc., including the Print.IT product. Syskoplan maintains its offices in Massachusetts.

In early April 2003, Syskoplan provided IPC with their fixed price proposal for the software and installation services. During the spring of 2003, IPC's representatives spoke frequently with Syskoplan's representatives, both in person and on the telephone. IPC also met with Syskoplan AG's representatives in Germany and toured several customer sites. During these conversations, the parties discussed IPC's requirements and how Syskoplan could meet those requirements. Throughout these conversations, IPC understood that Syskoplan AG was directly involved in the project and would be providing support and services.

The contract was executed in June of 2003 with a contemplated completion date by the fall. IPC has alleged that because the product was not as developed as Syskoplan represented,

---

[1] The facts are taken from the Amended Complaint and supplemented by the Affidavits of Richard Butterworth and Louis M. Ciavarra, Esquire.

and because Syskoplan did not have the expertise necessary to complete the installation, the project was still not completed by July of 2004. As a result, IPC terminated the contract and after unsuccessful settlement discussions, filed suit. Additional facts relevant to the Defendant's Motion are set forth below.

## ARGUMENT

### I.  BURDEN OF PROOF

While IPC has the burden of making a prima facie showing of personal jurisdiction over Syskoplan AG, "[t]he burden is not, as a rule, a heavy one. When proceeding without an evidentiary hearing, as here, a Court deciding a Motion to Dismiss under Rule 12(b)(2) applies *prima facie* standard of review to the facts as they are developed by the Plaintiff." In re: Lupron Marketing and Sales Practices Litigation, 245 F.Supp.2d 280, 289 (D.Mass. 2003); See also Daynard v. Ness, Motley, Loadholt, Richardson & Poole, 290 F.3d 42, 51 (1st Cir. 2002); Foster-Miller v. Babcock & Wilcox Canada, 46 F.3d 138, 144 (1st Cir. 1995). The Court must accept IPC's proffers as true, whether or not disputed, for the purpose of determining the adequacy of the prima facie jurisdictional showing. The Court must accept IPC's facts as true, whether or not disputed, and construe them in the light most favorable to IPC's jurisdictional claim. See Daynard, 290 F.3d at 51; Foster-Miller, 46 F.3d at 145. Facts put forward by Syskoplan AG are considered only to the extent that they are uncontradicted. See Daynard, 290 F.3d at 51; Mass. Sch. of Law v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998). If there is any question as to facts, the moving party should be required to produce all relevant evidence prior to being dismissed from the case.

## II.     THIS COURT HAS PERSONAL JURISDICTION OVER SYSKOPLAN AG.

The Massachusetts Long Arm Statute provides, in relevant part, that "[a] Court may exercise personal jurisdiction over a person, who acts *or by an agent acts,* as to a cause of action in law or equity arising from the person's…transacting any business in this Commonwealth…." Mass. Gen. Laws ch. 223A, § 3(a) (Emphasis added). Both federal and state courts have regularly construed the "transacting any business" language of the statute in a generous manner. See Hahn v. Vermont Law School, 698 F.2d 48, 50 (1st Cir. 1983); Buckeye Associates, Ltd v. Fila Sports, Inc., 616 F.Supp. 1484, 1491-92 (1st Cir. 1985), quoting Ross v. Ross, 371 Mass. 439, 441 (1976); Boudreau v. Scitex, 1992 U.S. District LEXIS 9629, 4-5. The remedial nature of the long arm statute argues for a liberal construction of its provisions. See Nova Biomedical Corp. v. Moller, 629 F.2d 190 (1st Cir. 1980); Kagan v. United Vacuum Appliance Corp., 357 Mass. 680, 683-84 (1970).

No party disputes that this Court has personal jurisdiction over Defendant, Syskoplan Consulting, Inc. While at this initial pleading stage of the case we do not yet have any evidence of direct contact between Syskoplan AG and IPC in Massachusetts, it is well-settled law in the First Circuit that if Syskoplan Consulting, Inc.'s contacts can be attributed to Syskoplan AG, then "the jurisdictional hurdle can be vaulted." See United Electrical, Radio and Machine Workers of America v. 163 Pleasant Street Corporation, 960 F.2d 1080, 1091 (1st Cir. 1992).

This Court may assert personal jurisdiction over Syskoplan AG if its actions with respect to its subsidiary, Syskoplan Consulting, Inc., have indicated something more than the "normal badge of ownership." See In re: Lupron Marketing and Sales Practices Litigation, 245F.Supp.2d at 291. The exercise of control by an out-of-state parent corporation over a subsidiary and significant intermingling of officers and directors between parent and subsidiary have served to

establish jurisdiction in Massachusetts where the subsidiary is based. See <u>Cabot Safety Intermediate Corp. v. Arkon Safety Equipment</u>, 12 F.Supp.2d 180, 181-82 (D.Mass. 1998); see also <u>National Medical Care, Inc. v. NMC</u>, 2002 WL 31187683 (Mass.Super.). Here, from the very inception of the relationship between IPC and the Defendants, Syskoplan Consulting, Inc., and Syskoplan AG, there has been a confusing intermingling of activity between the Defendants. Even based on IPC's incomplete discovery, this intermingling of corporate entities is demonstrated as follows:

1. Both companies utilize the same website and convey information to the marketplace through this unified website (Affidavit of Louis M. Ciavarra, ¶4).

2. Dr. Manfred Wassel is the CEO of both entities and takes direct leadership and responsibility for the operations of both entities (Affidavit of Richard Butterworth, ¶7, 9).

3. Both companies share common officers and boards of directors, including Thomas Hennig, Jochen Meier and Manfred Wassel (Affidavit of Louis M. Ciavarra, ¶5).

4. The software product purchased by IPC, Print.IT, was marketed and advertised by a company simply known as "Syskoplan." In its advertising, this Syskoplan referred to itself as having substantial resources and a history in the industry. It spoke of itself as having certain relationships with a software vendor known as SAP. This history and relationship belongs to Syskoplan AG, not its U.S. division. (Affidavit of Louis M. Ciavarra, ¶3, Exhibits B, C, H).

5. While the written contract is executed on behalf of Syskoplan Consulting, Inc., at all times IPC understood that it was dealing with the parent corporation. The parent corporation was standing behind services and products being provided and was

directly involved in the execution of the contract (Affidavit of Richard Butterworth, ¶8, 10).

6. The limited documents received so far indicate a substantial relationship between parent and subsidiary during the project and overall responsibility by Syskoplan AG for the project. For example, a number of the engineers that were provided on the project came from Germany. Another wholly owned subsidiary of Syskoplan AG, CM4, directed the engineering work and software programming (Affidavit of Richard Butterworth, ¶8, 10, 11 and Affidavit of Louis M. Ciavarra, ¶3, Exhibit I).

7. In April 2003, Syskoplan AG hosted IPC representatives at its headquarters in Germany to demonstrate to IPC the German version of the software it would be implementing (Affidavit of Richard Butterworth, ¶6).

8. The limited discovery received so far indicates that Syskoplan AG exercised pervasive control over the operations of its U.S. subsidiary. For example, after the debacles at IPC and another customer, ANRO, Syskoplan AG decided to withdraw these products from the U.S. market (Affidavit of Louis M. Ciavarra, ¶3, Exhibit D).

9. The evidence establishes so far that throughout 2004, Dr. Wassel had ongoing contacts with the Syskoplan Consulting, Inc. employees in Massachusetts and was controlling the situation through these contacts (Affidavit of Louis M. Ciavarra, ¶3, Exhibits E, F, G).

10. During the implementation stage of the contract, IPC had several contacts from Dr. Wassel who represented himself to be the chairman of the entire Syskoplan group and not just of the U.S. subsidiary. For example, in March of 2004, when IPC was considering terminating the relationship, Dr. Wassel offered to refund IPC its money

or to trust him and the entire company and give them the opportunity to resolve the problem (Affidavit of Richard Butterworth, ¶11).

While it is perfectly appropriate for foreign companies to establish U.S. subsidiaries, and for liability to begin and end with those subsidiaries in the appropriate circumstances, it is not appropriate nor does the law allow foreign corporations to control the operations of the U.S. subsidiary, to manage client relationships through the U.S. subsidiary, to make representations with respect to support and service through the U.S. subsidiary, and then avoid liability. See United Elec., 960 F.2d. at 21; Mangual, 710 F.2d. at 21.

Given the above-referenced facts, revealed via IPC's incomplete discovery, it is apparent that Syskoplan AG exerted control over its subsidiary and there was an intermingling of the two entities. Because of this, Massachusetts law allows personal jurisdiction to be asserted against a foreign parent corporation such as Syskoplan AG. See Cabot Safety Intermediate v. Arkon Safety Equipment, 12 F.Supp.2d 180 (D.Mass. 1998).

### III. IPC HAS BEEN DENIED DISCOVERY WHICH WOULD ASSIST IN DETERMINING WHETHER THIS COURT HAS PERSONAL JURISDICTION OVER SYSKOPLAN AG.

Determining whether personal jurisdiction exists is a complicated issue for the Courts. "The very nature of these often difficult issues makes their resolutions extremely fact dependant." See Wright and Miller Federal Practice and Procedure: Civil 3d § 1069.4.

Not only has Syskoplan AG asserted pervasive control over Syskoplan Consulting, Inc. while also intermingling corporate entities, it has used the corporate form to deny IPC discovery. Where a foreign parent corporation exercises pervasive control over its Massachusetts based subsidiary and has used the corporate form to withhold otherwise discoverable documents, it

should not succeed in a Motion to Dismiss for Lack of Personal Jurisdiction. See Cabot Safety Intermediate Corp., 12 F.Supp. 2d at 181-82.

1. **Syskoplan Consulting, Inc. has failed to respond fully to IPC's discovery requests.**

While the Plaintiff and Syskoplan Consulting, Inc. have conducted limited discovery during the past year, Syskoplan's sole motive has been to avoid involving the German corporation. None of the discovery which is relevant to this Motion, or establishing in the long-term Syskoplan AG's liability, has been exchanged. Instead, the Defendants have refused to produce for deposition, notwithstanding proper and lawful notice, Manfred Wassel who is an officer of both entities.

Further, Syskoplan Consulting, Inc. has refused to produce any documents responsive to numerous requests included in IPC's First Request for Production of Documents. The following are examples of Syskoplan Consulting, Inc.'s Responses to IPC's First Request for Production of Documents which limit IPC from inspecting certain discoverable documents which would shed light on the issue of whether this Court has personal jurisdiction over Syskoplan AG.

**REQUEST NO. 26**

All personnel files, employment evaluations, performance evaluations, and other documents evidencing, relating to, or referring to the performance of Christian Barber, Isaac Lockhart, Steve Antoni, Peter Radochia, Patricia Nagle, Martin Serrato, Jeff Webber, Brian Hawkins, Bruce Bulen, Uwe Goehring, Elke Roettig, Victoria Brown, Bill Cunningham, Mark Provencher, Brad Masters, and/or Thomas Micke from June 20, 2000 forward.

**RESPONSE NO. 26**

OBJECTION: the Defendant objects to this request on the grounds that is vague, overly broad unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, into the extent that it seeks the production of documents that are privileged under the attorney-client or work product privilege, or which were created in anticipation of litigation or for trial. The Defendant further objects to this request on the grounds that it seeks the production of documents of personnel records and documents relating to its current or former employees, which records and documents reveal private personal information (including, in some cases,

medical or health information, family information, and other private personal information) that is of no consequence in this lawsuit.

Notwithstanding and without waiting the foregoing objection, to the extent that they are in its possession, custody or control, the Defendant agrees to produce all employment evaluations, performance evaluations, and other documents evidencing, relating to, or referring to the performance of Christian Barber, Isaac Lockhart, Steve Antoni, Peter Radochia, Patricia Nagle, Martin Serrato, Jeff Webber, Brian Hawkins, Bruce Bulen, Uwe Goehring, Elke Roettig, Victoria Brown, Bill Cunningham, Mark Provencher, Brad Masters, and/or Thomas Micke from June 20, 2000 forward.

Syskoplan's Response to Request No. 26 is improper. The documents sought by Request No. 26 are reasonably calculated to lead to the discovery of admissible evidence, which, among other things, would indicate the employer of each of the above-referenced individuals and may establish further intermingling of the two corporate entities, sufficient to pierce the corporate veil and allow the Court to assert personal jurisdiction over Syskoplan AG. Furthermore, although Syskoplan Consulting, Inc. agreed to produce responsive documents, <u>it has failed to do so</u>.

## REQUEST NO. 28

All documents evidencing, relating to, or referring to the corporate structure of Syskoplan within the United States and internationally, including organizational charts and changes to the same.

## RESPONSE NO. 28

OBJECTION: The Defendant objects to this request on the grounds that it is vague, insofar as the phrase, "The corporate structure of Syskoplan within the United States and Internationally," is undefined incapable of different reasonable interpretations. The Defendant also objects to this request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks the production of documents that are privileged under the attorney-client or work product privilege, or which were created in anticipation of litigation or for trial.

Syskoplan's Response to Request No. 28 is improper. Understanding Syskoplan's corporate structure is relevant to IPC's claims against both Defendants in this matter, and may be crucial in determining the Defendants' respective liability. To date the Defendants have refused

to produce any documents evidencing the relationship between the parties; obviously, this information is crucial to this Motion.

**REQUEST NO. 30**

All minutes of Syskoplan board meetings within the United States and Internationally since June 20, 2000 which mention IPC, the Project, Print.IT, and/or Unit, Inc.

**RESPONSE NO. 30**

OBJECTION: The Defendant objects to this request on the grounds that it is vague, overly broad unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks the production of documents that are privileged under the attorney/client or work product privilege, or which were created in the anticipation of litigation or for trial, or which contain confidential and proprietary business information of the Defendant.

Notwithstanding or without waiving the foregoing objection, the Defendant agrees to produce copies of only those portions of such minutes that mention IPC, the Project, Print.IT, and/or Unit, Inc., except that any privileged information will be redacted therefrom.

Syskoplan's Response to Request No. 30 is improper. All of Syskoplan's internal communications, including those at board meetings within the United States and internationally, are relevant to this lawsuit and should be produced for inspection. Although Syskoplan agreed to produce responsive documents in redacted form, they have failed to so.

**REQUEST NO. 40**

All documents evidencing, relating to, or referring to Syskoplan AG's decision to withdraw from the product business in the United States, as announced on or around December 1, 2004, including the reasons for the decision and the plan for executing the decision.

**RESPONSE NO. 40**

OBJECTION: The Defendant objects this request on the grounds that it is vague, overly broad unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks the production of documents that are privileged under the attorney-client or work product privilege, or which were created in anticipation of litigation or for trial. In addition to the foregoing objection, the Defendant also objects to the request to the extent it seeks the production of confidential and proprietary business information, which is privileged from production.

Notwithstanding and without waiving the foregoing objection, the Defendant agrees to produce all such non-privileged documents in its possession, custody or control, and agrees to produce responsive documents that contain confidential and proprietary business information, subject to a mutually acceptable confidentiality stipulation.

Syskoplan's Response to Request No. 40 is improper. Since participating in the development, delivery and implementation of the Print.IT product for IPC, Syskoplan AG has withdrawn from the product business in the United States. The timing of and circumstances surrounding Syskoplan AG's withdrawal from the market could be directly relevant to IPC's claims against it in this lawsuit. The documents requested by IPC in Request No. 40 are reasonably calculated to lead to the discovery of admissible evidence and should be produced for inspection.

Also, as mentioned above, IPC has been denied the opportunity to take the deposition of Dr. Manfred Wassel. Dr. Wassel's deposition testimony is unquestionably necessary to determining the complex jurisdictional issues currently before the Court and should be allowed to go forward before the Court makes a determination with respect to the Defendant's Motion to Dismiss. Defendants rely upon Dr. Wassel's Affidavit and his self-serving attempts to characterize his actions as a corporate chameleon. IPC must be given the chance to test their claims.

As a result of Syskoplan's failure to fully respond to IPC's discovery, IPC has been deprived of evidence that could potentially establish Syskoplan AG's contacts in the forum state and therefore would further support this Opposition. If necessary, IPC is prepared to file a Motion to Compel such documents.

2.     **IPC is entitled to additional jurisdictional discovery.**

The First Circuit has long held that a Plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of *in personam* jurisdiction may be entitled to

jurisdictional discovery if the corporation interposes a jurisdictional defense.  See US v. Swiss American Bank Ltd., 274 F.3d 610 (1st Circ. 2001); See also Sunview Condominium Ass'n v. Flexel Int'l, Ltd., 116 F. 3d 962 (1st Cir. 1997).  Based on the above-referenced facts discovered via IPC's incomplete discovery, IPC has asserted a colorable case for the existence of personal jurisdiction over Syskoplan AG in Massachusetts.  IPC requests that this Court deny Defendant Syskoplan AG's Motion to Dismiss the Amended Complaint and allow IPC to conduct jurisdictional discovery.  Whereas discovery is ongoing in this lawsuit, there would be no additional burden on the parties to conduct such limited discovery.

Such jurisdictional discovery would be limited to issues relating to intermingling between Syskoplan AG and Syskoplan Consulting and whether Syskoplan AG has exercised pervasive control over its subsidiary sufficient to pierce the corporate veil and allow this Court to assert personal jurisdiction over Syskoplan AG.  The jurisdictional discovery would include, among other things, inquiries into (a) corporate decision making processes at Syskoplan Consulting, Inc., including the interplay between parent and subsidiary; (b) relevant financial records; (c) distribution of personnel between the two entities; (d) all communications between the two entities; (e) all financial records relating to the compensation of Dr. Manfred Wassel; (f) the identities of all those who negotiated with SAP on behalf of Syskoplan Consulting, Inc. in connection with the Print.IT product; and (g) information relating to corporate structure and governance of Syskoplan Consulting, Inc. and Syskoplan AG.

## CONCLUSION

For the foregoing reasons, Plaintiff, IPC Print Services, Inc., respectfully requests that this Court deny Defendant Syskoplan AG's Motion to Dismiss the Amended Complaint or in the alternative, withhold making a determination with respect to Defendant's Motion to Dismiss in order to allow Plaintiff to conduct jurisdictional discovery.

                                                  IPC PRINT SERVICES, INC.

                                                  By Its Attorneys,

                                                  /s/ Louis M. Ciavarra
                                                  Louis M. Ciavarra (BBO #546481)
                                                  Ryan T. Killman (BBO #654562)
                                                  Bowditch & Dewey, LLP
                                                  311 Main Street, P.O. Box 15156
                                                  Worcester, MA 01615-0156
DATED: November 9, 2005                     (508) 926-3011