UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IPC PRINT SERVICES, INC.,<br>    Plaintiff,<br><br>v.<br><br><br>SYSKOPLAN CONSULTING<br>INCORPORATED, and SYSKOPLAN AG,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO 04-12341-GAO |

### AFFIDAVIT OF LOUIS M. CIAVARRA

I, Louis M. Ciavarra, depose and state under the pains and penalties of perjury as follows:

1. My name is Louis M. Ciavarra. I am a Partner at the law firm of Bowditch & Dewey and am counsel for Plaintiff in the above captioned matter. I submit this Affidavit in support of Plaintiff's Opposition to Defendant's Motion to Dismiss.

2. For the past several years Plaintiff has been attempting to obtain discovery from the Defendant without success. Some of this missing discovery directly affects Plaintiff's ability to fully respond to Defendant's Motion to Dismiss. This includes the following:

   a) The key individual, in fact the only person who provided an Affidavit in support of Defendant's Motion, Dr. Manfred Wassel, is the CEO of both Defendants. His deposition was properly noticed for June of 2005. Dr. Wassel did not attend this deposition. We have been attempting to reschedule that deposition but to date Defendants have failed to produce him for a deposition. It is fundamentally unfair for the Defendants to have

hidden him for the past six (6) months and now use him to support their Motion.

  b) Pursuant to a Rule 34 Request for Production of Documents, Plaintiff sought information which directly went to the issues presented by Defendant's Motion, including documents that evidence the relationship between the two entities. Defendant objected to these Requests and has not produced any documents responsive thereto. Attached hereto as <u>Exhibit A</u> are copies of the Requests and Defendant's Responses.

3. Attached hereto are documents which have been obtained during the limited discovery which establish that Syskoplan AG, directly and through its U.S. subsidiary, was a party to this transaction, had controlled the U.S. subsidiary, and should be held liable for the misrepresentation and breaches of contract in this case. Specifically:

- <u>Exhibit B</u>: Copy of the Print.IT advertising brochure identifying the provider simply as "Syskoplan."
- <u>Exhibit C</u>: Copies of pages 1 through 4 of the agreement between the parties. This document describes on page 3 Syskoplan as a group, attributing experience and relationships that involve Syskoplan AG and not its U.S. division.
- <u>Exhibit D</u>: December 1, 2004 press release from Syskoplan AG announcing <u>its</u> decision to withdraw from the product business in the U.S. It also announced the waiver of all loans made to its U.S. subsidiary.

- <u>Exhibit E</u>: April 27, 2005 e-mail from Manfred Wassel at Syskoplan AG describing his recent visit to the U.S. and control over operations.

- <u>Exhibit F</u>: August 30, 2004 e-mail from Manfred Wassel at Syskoplan AG.

- <u>Exhibit G</u>: May 25, 2004 e-mail from SAP employee describing the role of Manfred Wassel.

- <u>Exhibit H</u>: March 20, 2004 e-mail from Dick McCarthy identifying "Syskoplan's U.S. Headquarters" as Burlington, Massachusetts.

- <u>Exhibit I</u>: May 21, 2004 e-mail from Syskoplan employee describing work by German employees on the IPC project.

- <u>Exhibit J</u>: July 2, 2004 e-mail from Dr. Wassel to IPC describing his responsibility for the whole "Syskoplan group" and not just the U.S. division.

4. Syskoplan AG maintains a unified website that provides information of its business.

5. Thomas Hennig, Jochen Meier, and Manfred Wassel are directors of both Defendants.

Signed under the pains and penalties of perjury this 9th day of November, 2005.

*/s/ Louis Ciavarra*
_____
Louis M. Ciavarra