UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IPC PRINT SERVICES, INC.,<br>    Plaintiff,<br><br>v.<br><br><br>SYSKOPLAN CONSULTING<br>INCORPORATED, and SYSKOPLAN AG,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO 04-12341-GAO |

## PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS IN RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, IPC Print Services, Inc. ("IPC"), hereby moves, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an Order compelling the Defendant, Syskoplan Consulting, Inc. ("Syskoplan"), to provide certain documents for inspection in response to IPC's First Request for Production of Documents.

## FACTUAL BACKGROUND

IPC is a commercial printer located in Michigan. In the fall of 2002, IPC engaged in a search for an Enterprise Resource Planning (ERP) software product focused on the commercial printing industry. Among the companies that IPC looked at was a company known as Unit, Inc. Unit, Inc. sold a product known as Print.IT. In early 2003, Syskoplan notified IPC that it had purchased Unit, Inc., including the Print.IT product. Syskoplan maintains its offices in Massachusetts.

In early April 2003, Syskoplan provided IPC with their fixed price proposal for the software and installation services. During the spring of 2003, IPC's representatives spoke

frequently with Syskoplan's representatives, both in person and on the telephone. IPC also met with Syskoplan AG's representatives in Germany and toured several customer sites. During these conversations, the parties discussed IPC's requirements and how Syskoplan could meet those requirements.

The contract was executed in June of 2003 with a contemplated completion date by the fall. IPC has alleged that because the product was not as developed as Syskoplan represented, and because Syskoplan did not have the expertise necessary to complete the installation, the project was still not completed by July of 2004. As a result, IPC terminated the contract and after unsuccessful settlement discussions, filed suit. IPC has asserted claims against Defendants for breach of contract, fraudulent misrepresentation, negligent misrepresentation, breach of the duty of good faith and fair dealing, unfair trade practices, and unjust enrichment.

IPC filed its Amended Complaint on January 7, 2005. IPC served its First Request for Production of Documents on Syskoplan on February 11, 2005. Syskoplan served its response to IPC's First Set of Requests for the Production of Documents on April 5, 2005. Several of Syskoplan's responses object to IPC's requests and refuse to produce responsive documents for inspection. In other responses Syskoplan agrees to produce responsive documents yet, to date, has failed to do so. Counsel have attempted to resolve these issues and in many circumstances have been able to do so. However, there remain several responses that IPC believes are improper and therefore moves this Court to issue an Order compelling Syskoplan to produce documents as described below.

## REQUEST NO. 17

All documents evidencing, relating to, or referring to Syskoplan's ongoing development of the Print.IT, including but not limited to new or proposed versions or releases of the Print.IT product; changes to the design of the Print.IT product; strategies for upgrading existing Print.IT systems to new versions or releases; design, functional, and technical specifications for new or

proposed versions or releases of the Print.IT product; source code for new or proposed versions or releases of the Print.IT product; and source code for any patches to be applied to already existing Print.IT implementations in preparation for upgrading to a new version or release of the Print.IT product.

**RESPONSE NO. 17**

OBJECTION: The Defendant objects to this request on the grounds that it is overly broad unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, in to the extent that it seeks the production of documents that are privileged under the attorney-client or work product privilege, or which were created in anticipation of litigation or for trial. In addition to the foregoing objection, the Defendant also objects to the request for source code on the grounds that it seeks the production of confidential and proprietary business information, which are privilege from production.

**ARGUMENT**

Syskoplan's response to Request No. 17 is improper. This case concerns the performance of the Print.IT product, which was implemented by Syskoplan. The ongoing development of this software along with any updates, changes, and/or improvements to the Print.IT product will evidence the deficiencies in the software. Further, since IPC has claimed that Syskoplan made misrepresentations regarding the capabilities of the product throughout the contract negotiations, documents evidencing the development of the product over time are essential in determining the truthfulness and accuracy of Syskoplan's representations. Any concerns over confidentiality are addressed by an appropriate agreement and/or court order.

**REQUEST NO. 28**

All documents evidencing, relating to, or referring to the corporate structure of Syskoplan within the United States and Internationally, including organizational charts and changes to the same.

**RESPONSE NO. 28**

OBJECTION: The Defendant objects to this request on the grounds that it is vague, insofar as the phrase, "The corporate structure of Syskoplan within the United States and Internationally," is undefined incapable of different reasonable interpretations. The Defendant also objects to this request on the grounds that it is overly broad, unduly burdensome, not

reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks the production of documents that are privileged under the attorney-client or work product privilege, or which were created in anticipation of litigation or for trial.

## ARGUMENT

Syskoplan's response to Request No. 28 is improper. Understanding Syskoplan's corporate structure is relevant to IPC's claims against both defendants in this matter, and may be crucial in determining the defendants' respective liability. In addition, the case raises issues of personal jurisdiction and piercing the corporate veil that can only be addressed by investigating the corporate structure of both companies. The identities of officers and directors along with the existence of parents and subsidiaries are essential in determining the level of control one entity had over the other and the existence of intermingling of corporate officers and/or corporate entities in the day to day business operations of Syskoplan. Any documents evidencing such facts are relevant and should be produced.

## REQUEST NO. 33

All documents evidencing, relating to, or referring to the templates; pre-defined configuration processes, business content, and work flow; and technical know-how and print specific domain expertise for implementing Print.IT and SAP R/3 referenced in Syskoplan's Proposal to IPC.

## RESPONSE NO. 33

OBJECTION: The Defendant objects to this request on the grounds that it is vague, overly broad unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks the production of documents that are privileged under the attorney-client or work product privilege, or which were created in anticipation of litigation or for trial.

## ARGUMENT

Syskoplan's response to Request No. 33 is improper. The delivery, development, and implementation of the Print.IT product is a crucial element to IPC's claims in this lawsuit. The documents which IPC request in Request No. 33, directly relate to Syskoplan's ability to implement the Print.IT product and the Print.IT product's ability to meet the agreed upon scope of work and operate as demonstrated by Syskoplan. Further, the requested documents will also reflect Syskoplan's knowledge of whether the Print.IT product was capable of meeting IPC's needs at the time the proposal was made and therefore are relevant with respect to IPC's claims for misrepresentation.

## REQUEST NO. 34

The source code for the Java-based browser application that was demonstrated to IPC in or around April, 2003 and September, 2003.

## RESPONSE NO. 34

OBJECTION: The Defendant objects to this request on the grounds that it is overly broad unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks the production of documents that are privileged under the attorney-client or work product privilege or which were created in anticipation of litigation or for trial. In addition to the foregoing objection, the Defendant also objects to the request for source code on the grounds that it seeks the production of confidential and proprietary business information, which is privileged from production.

## ARGUMENT

Syskoplan's response to Request No. 34 is improper. Determining exactly what was demonstrated to IPC by Syskoplan in or around April, 2003 and September, 2003 is essential to IPC's claims in this lawsuit. IPC purchased Syskoplan's product based, in part, on the demonstrations held in or around April, 2003 and September, 2003. In order to ascertain any potential differences between what was demonstrated to IPC by Syskoplan and what was delivered to IPC by Syskoplan, IPC has requested certain source code that is in the possession,

custody or control of Syskoplan. Any concerns regarding confidentiality can be addressed by an appropriate agreement and/or court order.

WHEREFORE, Plaintiff, IPC Print Services, Inc., respectfully requests that this Honorable Court act as follows:

1. Enter an Order compelling Defendant, Syskoplan Consulting Inc. to produce all documents responsive to the above-referenced Requests within ten (10) days of allowance of this Motion;

2. Grant such further relief as the Court deems just and appropriate.

                                        IPC PRINT SERVICES, INC.
                                        By Its Attorney,

                                        __/s/ Louis M. Ciavarra
                                        Louis M. Ciavarra (BBO #546481)
                                        Ryan T. Killman (BBO #654562)
                                        Bowditch & Dewey, LLP
                                        311 Main Street, P.O. Box 15156
                                        Worcester, MA 01615-0156
DATED:  December 5, 2005               (508) 926-3011

## **LOCAL RULE 7.1 CERTIFICATE**

I, Louis M. Ciavarra, am an attorney authorized to practice before the United States District Court For The District Of Massachusetts. I represent the Plaintiff, IPC Print Services, Inc., in the above referenced case and I make this Affidavit on personal knowledge of the facts herein contained.

1. On August 8, 2005 and November 23, 2005, I conferred with Defendant's counsel, Michael J. Racette, by letter, and on November 14, 2005, by telephone, in a good faith effort to resolve the issues raised by *Plaintiff's Motion to Compel the Production of Documents in Response to Plaintiff's First Request for Production of Documents*. Further, on November 23, 2005, I conferred with Defendant's counsel, Victoria Crashaw, by letter and on December 2, 2005, by telephone and letter in a good faith effort to resolve the issues raised by *Plaintiff's Motion to Compel the Production of Documents in Response to Plaintiff's First Request for Production of Documents*. The parties have been unable to resolve the issues raised by this Motion.

2. I have complied with all other aspects of Local Rule 7.1.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY this 5th day of December, 2005.

                                                                                    /s/ Louis M. Ciavarra
                                                                                   Louis M. Ciavarra