UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IPC PRINT SERVICES, INC., | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | DOCKET NO. 04-12341-GAO |
| | ) | |
| SYSKOPLAN CONSULTING | ) | |
| INCORPORATED, and SYSKOPLAN AG, | ) | |
| Defendant | ) | |
| | ) | |

DEFENDANT, SYSKOPLAN CONSULTING INCORPORATED'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS IN
RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COMES the Defendant, Syskoplan Consulting Incorporated ("Syskoplan"), and
hereby opposes the plaintiff, IPC Print Services, Inc.'s ("IPC") Motion to Compel the Production
of Documents in Response to Plaintiff's First Request for Production of Documents.

IPC seeks to compel production of documents and things in response to four of the forty-
four individual document requests that comprise its first request for production of documents.[1]
Specifically, IPC contests the adequacy of Syskoplan's responses to requests nos. 17, 28, 33, 34.
Two of the requests (17 & 34) seek the disclosure of Syskoplan's source code for the Print.IT
product, despite the fact that IPC has had access to this source code since the time of the
software implementation project at issue in this case. The other two requests (28 & 33) are
vague and, as written and described, are so overly broad in scope that compliance with the
requests would be unfairly burdensome to Syskoplan and would serve little legitimate purpose
for IPC in this litigation. For the reasons set forth below, the Court should deny IPC's motion in
its entirety.

---

[1] IPC recently served a supplemental request for production of documents on Syskoplan comprising an additional
twenty-two documents.

**28. All documents evidencing, relating to, or referring to the corporate structure of Syskoplan within the United States and internationally, including organizational charts and changes to the same.**

**Response:**

**OBJECTION:   The Defendant objects to this request on the grounds that it is vague, insofar as the phrase, "the corporate structure of Syskoplan within the United States and internationally," is undefined and capable of different reasonable interpretations.  The Defendant also objects to this request on the grounds that it is overly broad unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks the production of documents that are privileged under the attorney-client or work product privilege, or which were created in anticipation of litigation or for trial.**

The Court should deny IPC's motion to compel a further response to this document request, because the request is so vague that it does not give Syskoplan fair and reasonable of what IPC is seeking by way of this request.  In its Motion to Compel, IPC states that "[t]he identities of officers and directors along with the existence of parents and subsidiaries are essential in determining the level of control one entity had over the other and the existence of intermingling of corporate officers and/or corporate entities in the day to day business operations of Syskoplan.  *Any* documents evidencing such facts are relevant and should be produced." See, Motion to Compel, p. 4 (emphasis added).  This specific description is far different than its broadly worded document request.  Even thus defined, however, it would be too vague and unduly burdensome, because countless types and numbers of documents could reasonably be included in a request to produce any document in Syskoplan's possession that evidences or refers to the identity of any officers or directors of any SAG-related company.  For example, any e-mail on any subject from any Syskoplan officer or director, which identifies the title or position of that officer or director, would fall under the sweep of such a broadly defined document request.

IPC is and has been well aware of the fact that Syskoplan is a wholly owned subsidiary of a German corporation,, Syskoplan AG ("SAG").  See, IPC's Amended Complaint, Paras. 3 & 4. Syskoplan has no subsidiaries of its own.  It has never been a secret, that SAG has several subsidiary companies.  Their existence and relationship to SAG is publicly available on SAG's

2

Internet web site.  That web site details the corporate history of SAG, and contains many years of quarterly and annual reports, which contain interviews with SAG principals, an organization chart detailing the interrelationships among the corporations in the SAG corporate family, identification of the individual members of SAG's Executive Board and its Supervisory Board. IPC is and has been aware of that web site, as is evidenced by IPC's reference to that web site in Paragraph 38 of its Amended Complaint.  Syskoplan's officer and director information is publicly available at the office of the Secretary of the Commonwealth, for the Commonwealth of Massachusetts.  In addition, this information has been or will be revealed in response to some of IPC's more specific document requests, including the supplemental specific requests recently served by IPC.

**33. All documents evidencing, relating to, or referring to the templates; pre-defined configuration processes, business content, and workflow; and technical know how and print specific domain expertise for implementing Print.IT and SAP R/3 referenced in Syskoplan's Proposal to IPC.**

**Response:**

**OBJECTION:  The Defendant objects to this request on the grounds that it is vague, overly broad unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks the production of documents that are privileged under the attorney-client or work product privilege, or which were created in anticipation of litigation or for trial.**

The Court should deny IPC's motion to compel a further response to this document request, because the request is so vague that it does not give Syskoplan fair and reasonable of what IPC is seeking by way of this request.  Thus, it is so overly broad on its face, that compliance with the request would be unduly burdensome.  Conceivably, for example, this request could be reasonably read as an effort to require Syskoplan produce nearly every document in its possession, custody or control concerning  any aspect of the Print.IT product, or the experience of Syskoplan's many employees.  Syskoplan has already provided thousands of pages of documents or has agreed to provide documents in response to IPC's more specific

document requests. Much of that documentation explains in detail the templates, work-flow, and pre-configuration of the Print.IT product. Syskoplan is in the process of producing relevant portions of its employees personnel files, which pertain to the experience of the employees. The current document request is simply too vague and overly broad to fairly put Syskoplan on notice about what exactly IPC seeks, and why it believes that this information is not included in the thousands of pages of documents that Syskoplan has already provided to IPC in discovery.

**17. All documents evidencing, relating to, or referring to Syskoplan's ongoing development of the Print.IT product, including but not limited to new or proposed versions or releases of the Print.IT product; changes to the design of the Print.IT product; strategies for upgrading existing Print.IT systems to new versions or releases; design, functional, and technical specifications for new or proposed versions or releases of the Print.IT product; source code for new or proposed versions or releases of the Print.IT product; and source code for any patches to be applied to already existing Print.IT implementations in preparation for upgrading to a new version or release of the Print.IT product.**

**Response:**

**OBJECTION: The Defendant objects to this request on the grounds that it is overly broad unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks the production of documents that are privileged under the attorney-client or work product privilege, or which were created in anticipation of litigation or for trial. In addition to the foregoing objection, the Defendant also objects to the request for source code on the grounds that it seeks the production of confidential and proprietary business information, which are privileged from production.**

The source code for the Print.IT is "open source." Consequently, ever since the time that Syskoplan uploaded the Print.IT template onto IPC's servers in the course of the project, IPC (though not the general public) has had the ability to read the source code. The Print.IT product was developed by a separate company, Unit, Inc. Shortly before the IPC project, Syskoplan purchased certain assets of Unit, Inc., including the Print.IT product. Specifically, ever since the time of the project, IPC has had access to the source code, and any changes that were made thereto. Syskoplan did not change the source code to the Print.IT product, or propose or develop or issue a new version or release of the product, or a patch for the product, after IPC terminated

4

the project at issue in this case.  Consequently, this Court should deny IPC's request for a further

response from Syskoplan.

**34. The source code for the java-based browser application that was demonstrated to IPC in or around April of 2003 and September of 2003.**

**Response:**

**OBJECTION:  The Defendant objects to this request on the grounds that it is overly broad unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks the production of documents that are privileged under the attorney-client or work product privilege, or which were created in anticipation of litigation or for trial.  In addition to the foregoing objection, the Defendant also objects to the request for source code on the grounds that it seeks the production of confidential and proprietary business information, which is privileged from production.**

Like the prior request at issue, IPC has had access to the source code for the September,

2003, demonstration at IPC.  IPC does not have the source code for the separate application that

was demonstrated in the April, 2003, meeting, because that was a product that was developed by

a different company.  IPC later decided not to use that product as part of its implementation for

the project at issue in this case.

WHEREFORE, the Defendant, Syskoplan Consulting Incorporated, respectfully requests

that this Honorable Court deny the Plaintiff's Motion to Compel.

Respectfully Submitted,

**SYSKOPLAN CONSULTING INCORPORATED,**
Defendant
By Its Attorneys,
MORRISON MAHONEY LLP


/s/Michael J. Racette
Nicholas P. Alexander, BBO #544173
Michael J. Racette, BBO #555350
250 Summer Street
Boston, MA 02210
(617) 439-7500

5

6